## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

        **PLAINTIFF**

-VS-                                  Case No. CR -3-04-191(6)

**ANDRE D. GRANT**                        **District Judge Thomas M. Rose**

        **Defendant**
_____

### ENTRY AND ORDER DENYING DEFENDANT'S
### MOTION TO SUPPRESS (DOC. #87)
_____

This matter comes before the Court pursuant to Defendant's Motion to Suppress (Doc. #87) filed on March 30, 2005. A hearing was convened on May 27, 2005 at which time Defendant was present, represented by Attorney Gary W. Crim, the Government was represented by Assistant United States Attorney, Mona Guerrier. Subsequently, a transcript of said hearing was filed with the Court followed by Defendant's Memorandum in Support of the Motion to Suppress (Doc. #114) filed July 20, 2005 and the Government's Memorandum in Opposition of Defendant's Motion to Suppress (Doc. #122) filed August 24, 2005.

The Defendant's Motion asserts that the Defendant's arrest and seizure were in violation of the Fourth Amendment in that Defendant was not present at a premises where a search warrant was executed and the Government had no probable cause and/or a warrant to arrest him.

On or about February 17, 2004 Detective Hall of the Dayton Police Department began an investigation of alleged drug trafficking at 617 Edison Street, Dayton, Ohio. Tr. 24. Subsequently, Det. Hall and other Dayton Police officers conducted surveillance of this resident. This surveillance

occurred on February 17, 24 and 27, 2004. (Tr. 24-29, 32)  In addition to observing pedestrian and vehicle traffic to and from this residence, which in the officers' opinions were consistent with drug trafficking, the officers further observed vehicles parked directly across the street in the same location on these occasions.  On the 17th and 27th of February, the observed vehicle was a Geo Tracker,  while on the 24th of February, the vehicle in this same location was a gray minivan. (Tr. 33-34, 39-40)

Significantly, in addition to these observed vehicles always being in the same location, they were also observed to always be occupied by an individual described as a lone black male.  Based upon these and other observations and the officers' experience, it was believed that the 617 Edison Street address was an operating drug house and that lookout vehicles were positioned directly across the street during this drug activity.

On March 1 and 2, 2004, Detective Hall, using a confidential source, conducted two controlled buys of marijuana from the 617 Edison Street address.  Again, as previously observed, a vehicle, this time a gray four door sedan,  was located in the same position across the street as the previously observed vehicles.  This vehicle, as were the others, was occupied by a lone black male. (Tr. 48-49, 58-59)

Based on these observations, the officers sought, obtained and executed a search warrant for 617 Edison Street.  At the time the warrant was served,  the four door gray sedan was observed in the same location occupied by a lone black male.

In planning the execution of the warrant on 617 Edison Street, two officers, Sergeant Timothy Reboulet and Officer Patrick Beall were assigned to secure the four door gray sedan, which was believed to be a lookout vehicle.  Securing this vehicle was to address the concern of officer safety

and the disposal or destruction of evidence if the lone black individual were a lookout and were to alert the occupants of the residence.

Sergeant Reboulet and Officer Beall approached the vehicle to secure the lone black individual who turned out to be the Defendant.  Although not arrested, the Defendant was detained.  Defendant was occupying the vehicle in this particular location with a Motorola two-way radio in his hand and a portable T.V. in the driver's seat.  The officer also testified there was an odor of marijuana emanating from the interior of the vehicle. (Tr. 11, 69, 105)

While the Defendant was detained and during the search of the residence, officers located, in the residence,  several Motorola radios which appeared to be the same make and model possessed by Defendant.  Also, located in the residence was a charger for such radios.  The officers were able to successfully communicate by using the radio seized from Defendant with those found in the house, which were the same frequency. (Tr. 108-110, 113-114)  Based upon all the above factors, Defendant was arrested for his alleged participation in the drug conspiracy, as a lookout.

In this case, the officers made a warrantless arrest of Defendant.  Such an arrest is justified if at the time of such an arrest there is probable cause to believe that an offense has been, is being, or will be committed.  *United States v. Sangineto-Miranda, 859 F.2d 1501, 1508 (6th Circuit 1988).* Such probable cause exists where the "facts and circumstances within the officers' knowledge . . . are sufficient to warrant a prudent person or one of reasonable caution, in believing, in the circumstances shown that the suspect has committed, is committing or is about to commit an offense.  Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

In this case leading up to Defendant's arrest, it was clear that the gray four door sedan, being occupied by the Defendant was in the exact same location as the other vehicles that had been

previously observed during the surveillance and controlled buys.  It is also clear that Defendant, Andre Grant, a black male, was the sole occupant of the vehicle similar to what was previously observed during the surveillance and the controlled buys.  Additionally, the vehicle remained stationary for at least four hours that day and the Motorola two-way radio possessed by Defendant was the same frequency as the identical Motorola radios found along with a charger for the radios in the 617 Edison Street residence.

Therefore, the Court finds that these factors discussed do unequivocally establish that there was probable cause to arrest the Defendant, Andre Grant.  Defendant's Motion to Suppress is hereby DENIED.

IT IS SO ORDERED.

October 31, 2005                              **s/Thomas M. Rose**

                                              _____
                                              THOMAS M. ROSE, JUDGE
                                              UNITED STATES DISTRICT COURT